Case No. 14-4046
IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT


GERRI FOUTS, Plaintiff/Appellant,

v.

EXPRESS RECOVERY SERVICES, INC., Defendant/Appellee.

_____

On Appeal from the United States District Court
For the District of Utah
The Honorable Dee Benson
D.C. No. 2:13-cv-00061-DB

_____

**APPELLANT'S REPLY BRIEF**

_____

    Respectfully Submitted,

    Joshua Trigsted
    Trigsted Law Group, P.C.
    5200 Meadows Rd
    Lake Oswego, OR 97035
    (503) 376-6774 x216
    jtrigsted@attorneysforconsumers.com
    *Attorney for Appellant, Gerri Fouts*

NO Oral Argument is Requested

# **INDEX**

| | | |
|---|---|---:|
| I. | SECTION I................................................................................................. | 1 |
| II. | SECTION II................................................................................................ | 2 |
| III. | SECTION III.............................................................................................. | 3 |
| IV. | SECTION IV.............................................................................................. | 4 |
| V. | SECTION V................................................................................................ | 4 |
| VI. | SECTION VI.............................................................................................. | 5 |
| VII. | SECTION VII............................................................................................ | 6 |
| | CERTIFICATES OF COMPLIANCE................................................................ | 6 |

# TABLE OF AUTHORITIES

**CASES**

*Ponce v. BCA Fin. Servs., Inc.,* 467 Fed. Appx. 806 (11th Cir. 2012)............... 3

**STATUTES AND OTHER AUTHORITIES**

15 USC 1692a(3)...................................................................................... 1

15 USC 1692a(5)...................................................................................... 1

15 USC 1692e(2)(A).................................................................................. 2,3

15 USC 1692e(5)....................................................................................... 2

15 USC 1692g(a)....................................................................................... 6

15 USC 1692c(d)....................................................................................... 6

## I.  PLAINTIFF IS A "CONSUMER" AND THE DEBT IS A "DEBT"

Defendant argues for the first time on appeal that Plaintiff is a not a "consumer" because she claimed at her deposition that she believed she had been divorced from her husband.  Appellee Brief, p. 16.  At this point, it is not known whether Plaintiff was actually divorced from Douglas Fouts.  Plaintiff does believe they did obtain a divorce at some time, but despite efforts Plaintiff was unable to obtain documents showing that a divorce was obtained, and Plaintiff is no longer sure that a divorce was actually obtained, although a separation did occur in 1995.  In any case, Defendant did allege Plaintiff was obligated to pay the debt throughout her conversations with Defendant, which is all that is required by 15 USC 1692a(3) to make Plaintiff a "consumer."

Defendant provides no evidence that the debt that was the subject of the relevant conversations in this matter was not a "debt" as defined by 15 USC 1692a(5).  As long as it was a "debt," it does not matter whether Plaintiff was a "consumer," except for the 15 USC 1692g(a) violation.  Section 15 USC 1692e makes any false representation or deceptive practice a violation with respect to "any person," not merely "consumers."  Because Plaintiff was the "person" to whom Defendant was speaking when the false representations were made, Plaintiff would have had standing to sue under the FDCPA even if Defendant's false

statements and threats were only about a debt allegedly owed by Douglas Fouts only and actions intended to be taken against Douglas Fouts only.

## II. PLAINTIFF DID NOT WITHDRAW HER 15 USC 1692E(2)(A) CLAIM AS IT MAY RELATE TO PARAGRAPH 10 OF HER AMENDED COMPLAINT

Defendant claims that Plaintiff cannot prevail on the basis that Defendant violated 15 USC 1692e(2)(A) on appeal because she withdrew her 15 USC 1692e(2)(A) claim in the summary judgment pleading stage. However, it is not true that Plaintiff withdrew all 15 USC 1692e(2)(A) claims. Plaintiff only withdrew the 15 USC 1692e(2)(A) claim in paragraph 9. The paragraph Defendant refers to in Plaintiff's Response to Defendant's Motion for Summary Judgment details the reasons for withdrawing the claim that Plaintiff did not owe the debt because she had been divorced from Douglas Fouts. Aplt. App. 160. By contrast, all briefs filed by Plaintiff at the summary judgment stage made arguments in support of the allegations in paragraph 10 of the Amended Complaint, which alleged that Defendant's actions as described therein violated both 15 USC 1692e(2)(A) and 15 USC 1692e(2)(A).

It is not true, as claimed in the Appellee Brief, that Plaintiff made no arguments before Judge Benson related to the 15 USC 1692e(2)(A) claim in paragraph 10. The claim is based on the same misrepresentations by Jordan Davis that any 15 USC 1692e(5) claim would be based on, so the facts that created the 15

USC 1692e(2)(A) violations were discussed and the nature of those violations were discussed at the summary judgment hearing, even if that section was not specifically referenced. Aplt. App. 198-247.

### III. JORDAN DAVIS MADE REPRESENTATIONS ABOUT WHAT EXPRESS' ATTORNEY WAS LIKELY TO DO WITHOUT ANY KNOWLEDGE ABOUT WHAT EXPRESS' ATTORNEY WAS LIKELY TO DO, WHICH IS A VIOLATION OF 15 USC 1692E(2)(A) AND E GENERALLY

Defendant argues in its Appellee Brief that Jordan Davis' representations about imminent attorney involvement were limited in their scope to representing the intentions of Defendant itself, not its attorneys, and that no representation was made about whether the attorney would actually accept this representation. This position is untenable. The phrase "forwarded to an attorney," without more, strongly implies to the least sophisticated consumer that the attorney will actually take on the case and become the collector instead of Defendant. Furthermore, Mr. Davis also stated, in response to Plaintiff's statement that she does not pay collection agencies, "well you're going to have to, or you'll be paying our attorney," which implies knowledge that the attorney would be representing Express in the future to take payments from Plaintiff. Applt.App.p. 100, lines 2-3. Mr. Davis' statements therefore are misrepresentations for precisely the same reason as the misrepresentation in *Ponce*. *Ponce v. BCA Fin. Servs., Inc.,* 467 Fed. Appx. 806 (11th Cir. 2012).

**IV.  CORPORATE POLICY MAY EITHER LIMIT THE CIRCUMSTANCES OF WHEN A DEBT MAY BE REFERRED OUT BY ITS EMPLOYEES OR GIVE EMPLOYEES FULL AUTHORITY TO REFER THE ACCOUNTS TO ATTORNEYS ANYTIME THEY WISH; IT CANNOT DO BOTH**

Defendant argues in its Appellee Brief that Mr. Davis' statement about when the account would be referred to an attorney could not misrepresent corporate intent because they were Mr. Davis' statements about his intentions and he had free reign to refer accounts to attorneys whenever he pleased.  Appellee Brief, p. 13.  Apart from being unbelievable on its face, this company policy of allowing employees to do whatever they see fit with regard to referring accounts to attorneys without any oversight is inconsistent with Defendant's corporate testimony, which stated that there are corporate time limits pertaining to when accounts may be referred to attorneys.  Applt.App.p. 150, deposition p. 14 line 23 to p. 15 line 5.  Defendant clearly did not express in its deposition this corporate policy of allowing absolute free reign to its collectors with regard to attorney referrals.  If Defendant is representing that as its policy now in contradiction to what it said before, then a trier of fact should determine which was its actual policy at the time Mr. Davis' statements were made.

4

**V. WITH RESPECT TO MISREPRESENTATIONS THAT CERTAIN ACTIONS WERE INTENDED TO BE TAKEN, IT IS DEFENDANT'S CORPORATE INTENT THAT IS AT ISSUE, NOT MR. DAVIS' INTENT**

Defendant clearly is of the opinion that Plaintiff sued Mr. Davis and that Plaintiff's allegation is that Mr. Davis misrepresented his own intentions. Appellate Brief, p. 21. However, Mr. Davis is not the Defendant here. To the extent Mr. Davis' representations of intended actions by Defendant were false, they were false because they misrepresented Defendant's corporate intent, not because they misrepresented Mr. Davis' own intentions, which were in this case in conflict with corporate policy.

**VI. DEFENDANT WAS NOT BEING "ASKED ABOUT SINGLE ACCOUNTS" WHEN IT MADE ITS DAMNING ADMISSION ABOUT ITS POLICY TO WAIT TO REFER ACCOUNTS TO ATTORNEYS; DEFENDANT WAS ASKED ABOUT ALL ACCOUNTS AND IDENTIFIED MULTIPLE ACCOUNTS BELONGING TO PLAINTIFF BEFORE ANSWERING THAT QUESTION**

Despite being referred to indisputable evidence to the contrary in the Appellate Brief, Defendant continues to disingenuously contend that Ms. Camp was unaware that there were multiple accounts when answering the question about when corporate policy would allow the $75 account to be referred out to an attorney. Appellate Brief, p. 23. Such a position is untenable given that Ms. Camp had acknowledged the existence of the other debts in Defendant's office at the same time and had access to documents showing the same in front of her. It is clear, therefore, that Defendant's actual policy as stated at deposition was to wait

on all accounts for 30 days regardless of whether other accounts were assigned before or not. If Defendant is now changing its position on that policy, then a jury should decide whether the former or latter statements are accurate.

**VII. PLAINTIFF WAS ENTITLED TO RIGHTS UNDER 15 USC 1692G(A) AS A CONSUMER AND LETTER APPLIED TO HER AND DOUGLAS FOUTS EQUALLY**

As explained above in section I, Plaintiff is a "consumer" and therefore has standing to sue Defendant for overshadowing the dispute language included in the letter it addressed to Douglas Fouts. Because Plaintiff owed the debt only to the extent she was the spouse of Douglas Fouts, the letter addressed her rights as well. If it did not and Defendant is claiming it never sent a letter to Plaintiff at all about her rights, then Defendant violated 15 USC 1692g(a) by failing to send such a letter after it accused Plaintiff of owing the debt.

Furthermore, 15 USC 1692c(d) states that "the term 'consumer' includes the consumers spouse…" Therefore, Plaintiff is in fact a "consumer" if her husband is a consumer, and the letter applies to her.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,348 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

## PRIVACY CERTIFICATION

This brief includes with all required privacy redactions under 10th Cir. R. 25.5.

## ECF COPY CERTIFICATION

The hard copies submitted to the court are exact copies of the version submitted electronically.

## VIRUS SCAN CERTIFICATION

The electronic submission of this brief was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses.

Respectfully Submitted: 9/29/2014

_____s/Joshua Trigsted_____
Joshua Trigsted
Attorney for Plaintiff
Trigsted Law Group, P.C.
5200 Meadows Rd
Lake Oswego, OR 97035
(503) 376-6774 x216
jtrigsted@attorneysforconsumers.com

# CERTIFICATE OF SERVICE

I, Joshua Trigsted, hereby certify that on 9/29/2014 I served a copy of the foregoing Appellant's Reply Brief to:

Mr. Ronald Price
Price Parkinson & Kerr, PLLC
5742 West Harold Gatty Dr.
Salt Lake City UT 84116
ronprice@ppktrial.com

Mr. Joseph J. Lico Esq.
Adam L Plotkin, PC
621 Seventeenth Avenue, Suite 1800
Denver CO 80293
jlico@alp-pc.com

Steven Wienczkowski
Adam L. Plotkin, P.C.
621 Seventeenth Street, Suite 1800
Denver CO 80293
swienczkowski@alp-pc.com

the last known address/email address, by CM/ECF notice of docket activity.

Date: 9/29/2014

_____s/Joshua Trigsted_____
Joshua Trigsted
Attorney for Plaintiff
Trigsted Law Group, P.C.
5200 Meadows Rd
Lake Oswego, OR 97035
(503) 376-6774 x216
jtrigsted@attorneysforconsumers.com